

**EXHIBIT A**

FILED
2019 OCT 16 AM 10: 55
CLERK OF COURTS
WILLIAMS COUNTY OHIO

## IN THE COMMON PLEAS COURT OF WILLIAMS COUNTY, OHIO

| | |
|---|---|
| **JONAH A. BROWN**<br>5389 Beerbower Road<br>Edgerton OH 43517 | * Case No. 19CI00094<br>* JUDGE J. T. Stelzer |
| Plaintiff, | * |
| vs. | * |
| **MATSU OHIO, INC.**<br>c/o CT Corporation System<br>4400 Easton Cmns Ste 125<br>Columbus, OH 43219 | * **COMPLAINT WITH JURY DEMAND**<br>**ENDORSED HEREON**<br>* |
| and, | * Kevin J. Boissoneault (#0040180)<br>Jonathan M. Ashton (#0083588) |
| **MATCOR AUTOMOTIVE (MICHIGAN), INC.**<br>c/o The Corporation Company<br>40600 Ann Arbor Rd. E Ste. 201<br>Plymouth, MI 48170 | * **GALLON, TAKACS &**<br>**BOISSONEAULT CO., L.P.A.**<br>* piattys@gallonlaw.com<br>3516 Granite Circle<br>* Toledo, OH 43617<br>(419) 843-2001<br>* (419) 841-2608 fax<br>Attorneys for Plaintiffs |
| and, | |
| **MATSU MANUFACTURING, INC.**<br>7657 Bramalea Rd.<br>Brampton, Ontario L6T 5V3 | *<br>* |
| and, | * |
| **JOHN DOE NUMBERS ONE, TWO, AND THREE** whose present name and address remains unknown | *<br>* |
| Defendants. | * |

Law Offices of
GALLON, TAKACS & BOISSONEAULT
CO., L.P.A.

THE JACK GALLON BUILDING
3516 GRANITE CIRCLE
TOLEDO, OHIO 43617-1172

Now comes Plaintiff, by and through counsel, Kevin J. Boissoneault, Esq., Jonathan M. Ashton, Esq., and Gallon, Takacs & Boissoneault Co., L.P.A., and for his Complaint, states and avers the following.

## GENERAL ALLEGATIONS

1. At all relevant times, Plaintiff Jonah Brown resided in Edgerton, Williams County, Ohio.

2. At all relevant times, Defendant Matsu Ohio, Inc. (hereinafter " Matsu"), and/or John Doe Number One was a corporation with its principal place of business in Edgerton, Ohio, authorized to do business in the state of Ohio. Any reference to Defendant Matsu and/or John Doe Number One will include references to its owners, agents, lessors, lessees, servants, and employees who, at all pertinent times thereto, were acting within the course and scope of their employment and/or agency with Defendant Matsu and/or John Doe Number One.

3. At all relevant times, Defendant Matcor Automotive (Michigan), Inc. (hereinafter "Matcor") and/or John Doe Number Two was a corporation authorized to do business in the state of Ohio. Any reference to Defendant Matcor and/or John Doe Number Two will include references to its owners, agents, lessors, lessees, servants, and employees who, at all pertinent times thereto, were acting within the course and scope of their employment and/or agency with Defendant Matcor and/or John Doe Number Two.

4. At all relevant times, Defendant Matsu Manufacturing, Inc. and/or John Doe Number Three was a corporation authorized to do business in the state of Ohio. Any reference

Law Offices of
GALLON, TAKACS & BOISSONEAULT
CO., L.P.A.

THE JACK GALLON BUILDING
3516 GRANITE CIRCLE
TOLEDO, OHIO 43617-1172

2

to Defendant Matsu Manufacturing Inc. and/or John Doe Number Three will include references to its owners, agents, lessors, lessees, servants, and employees who, at all pertinent times thereto, were acting within the course and scope of their employment and/or agency with Defendant Matsu Manufacturing Inc. and/or John Doe Number Three.

5. At all relevant times, Defendant John Doe Number One, Defendant John Doe Number Two and Defendant John Doe Number Three was a corporation and/or other legal entity whose name and address remains unknown to Plaintiff despite reasonable efforts to ascertain same.

6. Defendant Matsu's principal and believed to be only factory is located in Edgerton, Ohio, where automotive parts are manufactured using various machines, machine tools and related equipment.

7. The subject Matsu facility uses machines to stamp, weld and manufacture automobile parts.

8. Among the machines used at the subject facility is an 800 ton Minster mechanical power press.

9. Stock is fed into the power press from one side into the point of operation where it is stamped into parts between two die halves.

10. Once the parts are formed, they slide down a shoot onto a parts conveyor and exit the other end of the machine.

11. Prior to the date of Plaintiff Brown's injury, Defendant Matsu added an extension or additional slide or blank (shoot) to the existing die slide/assembly.

Law Offices of
GALLON, TAKACS & BOISSONEAULT
CO., L.P.A.

THE JACK GALLON BUILDING
3516 GRANITE CIRCLE
TOLEDO, OHIO 43617-1172

3

12. The additional shoot/slide regularly and repeatedly moved out of place during each shift while parts are being made.

13. When the shoot/slide would move out of position, employees including Plaintiff Jonah Brown were instructed to reach into the unguarded discharge end of the Minster 800 ton press to put the subject additional shoot/slide back into position.

14. Additionally, when the shoot/slide moves, it can and does result in parts being stuck which need to be unjammed.

15. When attempting to put the shoot/slide back into position and/or unjam the stuck parts, employees were exposed to crush and amputation injuries in the unguarded point of operation between the die halves each time they adjusted the shoot/slide or unjammed a stuck part.

16. On October 18, 2017, while attempting to adjust the shoot/slide and/or unjam stuck parts, Plaintiff Jonah Brown's left hand was crushed between the two unguarded die halves he was exposed to, resulting in crush and amputation injuries.

## COUNT ONE

17. Plaintiffs re-allege and incorporate by reference the above paragraphs as if the same were fully set forth herein.

18. On or about October 18, 2017, Plaintiff Jonah Brown was, and had been, working for and at Defendant Matsu and/or John Doe Number One and/or Defendant Matcor and/or John Doe Number Two and/or Defendant Matsu Manufacturing Inc. and/or John Doe Number Three.

19. At that time and place, Plaintiff Jonah Brown was working at the Defendant's principal

Law Offices of
GALLON, TAKACS &BOISSONEAULT
CO., L.P.A.

THE JACK GALLON BUILDING
3516 GRANITE CIRCLE
TOLEDO, OHIO 43617-1172

4

facility located at 228 E Morrison St, Edgerton, Williams County, Ohio.

20. Defendant Matsu and/or John Doe Number One and/or Defendant Matcor and/or John Doe Number Two and/or Defendant Matsu Manufacturing Inc. and/or John Doe Number Three is a corporation that is in the automotive parts manufacturing business, utilizing various procedures, devices, equipment, and machines. At this specific facility, Defendant used what is believed to be an 800 ton Minster mechanical power press to stamp parts for automobiles.

21. At that time and place, Plaintiff Jonah Brown was working with the 800 ton Minster mechanical power press which was owned and/or leased and/or maintained and/or operated by Defendant Matsu and/or John Doe Number One and/or Defendant Matcor and/or John Doe Number Two and/or Defendant Matsu Manufacturing Inc. and/or John Doe Number Three.

22. This particular press machine was not equipped with required, necessary, mandated, and adequate safeguards to protect against hand, arm or finger injuries from the top and bottom dies engaging while the operator's hands, arms or fingers were still in the point of operation danger zone.

23. On or about October 18, 2017, Plaintiff Jonah Brown was working with the subject Minster machine, packing parts as they came out of the press onto the conveyor belt.

24. At that time and place, Plaintiff was required to reach into the minster machine and manually adjust the shoot/slide to re-position it and/or unjam stuck part(s) to allow the parts to continue sliding out onto the conveyor belt for packing.

25. Plaintiff Jonah Brown was reaching into the Minster press machine to re-position the

Law Offices of
GALLON, TAKACS &BOISSONEAULT
CO., L.P.A.

THE JACK GALLON BUILDING
3516 GRANITE CIRCLE
TOLEDO, OHIO 43617-1172

5

aforementioned shoot/slide and/or unjam parts as instructed when his left hand became trapped between the upper and lower dyes of the press, resulting in a crushing injury to his left hand resulting in the amputation of his middle finger, and severe injury to his ring finger and hand.

26. The aforementioned process and procedure of knowingly letting the shoot/slide remain in a state that it regularly and repeatedly came out of position during a work shift, requiring workers to reach into a knowingly unguarded opening at the point of operation of an 800 ton press to re-position the shoot/slide and/or unjam stuck part(s) while the press was cycling was extremely dangerous and crush and amputation injuries were inevitable because Defendant Matsu and/or John Doe Number One and/or Defendant Matcor and/or John Doe Number Two and/or Defendant Matsu Manufacturing Inc. and/or John Doe Number Three:

    a. Ignored industry, federal and state safety requirements regarding guarding;
    b. Intentionally and deliberately failed to guard the discharge end of the press with known, required safety guarding as set forth herein;
    c. Knowingly, intentionally and deliberately required Plaintiff to use the unsafe press without any government and industry mandated safety guarding.

27. Defendant Matsu and/or John Doe Number One and/or Defendant Matcor and/or John Doe Number Two and/or Defendant Matsu Manufacturing Inc. and/or John Doe Number Three with knowledge of the aforementioned dangerous process, procedure and/or condition, intentionally, purposefully, with deliberate and specific intent, and

Law Offices of
GALLON, TAKACS &BOISSONEAULT
CO., L.P.A.

THE JACK GALLON BUILDING
3516 GRANITE CIRCLE
TOLEDO, OHIO 43617-1172

6

with substantial certainty did cause severe injury to Plaintiff Jonah Brown, with the following acts, including, but not limited to:

a. Knowingly and deliberately created, or permitted to exist, a dangerous work situation as outlined above in violation of industry and governmental standards and regulations, including, but not limited to:

   i. Ohio Administrative Code Section 4123:1-5-10 (requiring employers to furnish such presses with adequate guarding to prevent hands or fingers from entering the danger zone during the operating cycle);
   ii. OSHA ACT of 1970 Section (5)(a)(1) (requiring an employer to furnish a place of employment that is free from recognized hazards that are causing or likely to cause death or serious physical harm to its employees); and,
   iii. 29 CFR §§ 1910.217(c)(i)(a) (requiring point of operation guarding on mechanical power presses to prevent hands and fingers from being able to reach the point of operation.)

b. Knowingly and deliberately subjecting employees, including Plaintiff Jonah Brown, to machines and equipment that did not have required safety guards;

c. Knowingly and deliberately requiring Plaintiff Jonah Brown to be working without adequate safety guards to prevent hands and fingers from being in the mechanical power press at the point of and during operation while requiring him to reach into the unguarded point of operation while the press was cycling as set forth herein;

d. Knowingly and deliberately required Plaintiff Jonah Brown to work as set forth above despite knowing the danger of serious injury was substantially certain to occur under the circumstances;

e. Deliberately failing to maintain and repair safe equipment knowing that employees would regularly have to interact with the press equipment without appropriate safety guards;

f. Knowingly and deliberately failing to inspect, maintain, and/or repair a dangerous piece of equipment and then routinely subjecting their employees to the inherent danger of a crush injury; and,

g. Knowingly and deliberately failed to train and/or adequately train Plaintiff Jonah Brown and other employees similarly situated in safe ways to perform the job task at issue.

Law Offices of
GALLON, TAKACS & BOISSONEAULT
CO., L.P.A.

THE JACK GALLON BUILDING
3516 GRANITE CIRCLE
TOLEDO, OHIO 43617-1172

7

28. Defendant Matsu and/or John Doe Number One and/or Defendant Matcor and/or John Doe Number Two and/or Defendant Matsu Manufacturing Inc. and/or John Doe Number Three intentionally and/or purposefully and/or with deliberate intent and/or specific intent performed or failed to perform the acts set forth above with substantial certainty that they would inevitably, and did, cause Plaintiff the injuries and damages, including, but not limited to the following:

   a. Multiple fractures and partial amputations of fingers of the left hand;
   b. Psychological disorders;
   c. Permanent and substantial scarring, and disfigurement;
   d. Medical expenses, past and future;
   e. Lost wages;
   f. Pain and suffering, past and future; and,
   g. Loss of enjoyment of life, past and future.

29. Defendant Matsu and/or John Doe Number One and/or Defendant Matcor and/or John Doe Number Two and/or Defendant Matsu Manufacturing Inc. and/or John Doe Number Three's actions as set forth in this complaint violate R.C. § 2745.01 and its various subparts entitling Plaintiffs to relief.

**WHEREFORE,** Plaintiffs respectfully pray for judgment on the above mentioned Counts against Defendants for an award of damages in a sum of money in excess of Twenty-Five Thousand Dollars and No Cents ($25,000.00), plus costs and expenses incurred hereon, prejudgment interest at the highest statutory rate allowed from the time that Plaintiff's cause of action accrued, court costs, and such other relief as the Court deems just and equitable.

Law Offices of
GALLON, TAKACS &BOISSONEAULT
CO., L.P.A.

THE JACK GALLON BUILDING
3516 GRANITE CIRCLE
TOLEDO, OHIO 43617-1172

8

Respectfully submitted,

**GALLON, TAKACS &
BOISSONEAULT CO., L.P.A.**

By: _____
Kevin J. Boissoneault
Jonathan M. Ashton
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereon demands a trial by jury on all issues so triable in this action.

Respectfully submitted,

**GALLON, TAKACS &
BOISSONEAULT CO., L.P.A.**

By: _____
Kevin J. Boissoneault
Jonathan M. Ashton
Attorneys for Plaintiff

Law Offices of
GALLON, TAKACS & BOISSONEAULT
CO., L.P.A.

THE JACK GALLON BUILDING
3516 GRANITE CIRCLE
TOLEDO, OHIO 43617-1172

9